## FORD et al. *v.* BROWN et al.

PRACTICE *as to bill of particulars.* If the declaration contain a special count on a promissory note, and the common counts, and the plaintiff stipulate that he will at the trial rely upon the promissory note only, it is not necessary to file a bill of particulars.

PRACTICE *as to filing copy of instrument sued on.* If a copy of the instrument on which the action is founded is filed with the declaration, and the declaration is amended, it is not necessary to file another copy with such amendment.

### *Error to District Court, Arapahoe County.*

Mr. L. B. FRANCE, for plaintiff in error.

Mr. W. C. KINGSLEY, for defendant in error.

BELFORD, J. John S. Brown and William McKindly brought suit against William R. Ford et al., in assumpsit. The declaration consisted of a special count on a promissory note, and also the common counts. A demurrer was filed to the special counts, and an answer as to the common counts. The demurrer was confessed and leave taken to file an amended declaration. Upon the filing of the amended declaration the defendant asked for a rule on the plaintiffs to file a more specific bill of particulars. This was met by a stipulation on the part of the plaintiffs, that in the trial of the cause they would rely wholly on the note, and thereupon the rule for the filing of the more specific bill of particulars was not granted. We see no error in the court denying the rule. When the plaintiffs stipulate that their only cause of action is the note, and that they will rely on no other, we see no necessity for the filing of a bill of particulars. It is contended by the plaintiffs in error that inasmuch as no copy of a note was attached to the amended declaration, they were entitled to a continuance. There is nothing in this. A copy of the note was affixed to the original declaration, and this was sufficient. In confessing the demurrer the plaintiffs below did not withdraw the declaration. They simply took leave

to amend it. When a copy of the instrument sued on is attached to the original declaration, and this declaration is amended, we know of no rule of law that requires a copy of the instrument to be attached to the amendment.

Had the plaintiffs withdrawn their declaration at the time they confessed the demurrer the rule would be otherwise. But they did not do so. There is a wide distinction between withdrawing a declaration and amending it.

We see no error in the record, and consequently the judgment is affirmed, with costs.

*Affirmed.*