Union Mortgage Company
            vs.          No. 84989.
    Walter C. Rocheleau.

Union Mortgage Company
            vs.          No. 84990.
    Walter C. Rocheleau.

March 2, 1931.

HAHN, J. These two cases were heard together on defendant's motion for a bill of particulars in each case.

Action on two promissory notes by plaintiff as indorsee against defendant as maker. Defendant asks for a bill of particulars, his motion containing thirty-seven specific requests or inquiries for information. Defendant's motion practically amounts to an interrogation of the plaintiff before trial, a practice not provided for in this State.

> Tilden-Thurber Corp. vs. Farnell, 43 R. I. 42, 46.

Bills of particulars are seldom if ever granted in actions on notes and bills of exchange.

> Brooks vs. Farlar, 6 L. J. C. P. 26.
> Ford vs. Brown, 1 Colo. 265.

In the present case defendant asks in effect that plaintiff verify his already prima facie case and show circumstances upon which he relies to establish his position as a bona fide holder for value. This plaintiff is not required to do until defendant has offered proof which renders it necessary for plaintiff to show himself to be a bona fide holder for value.

> "The rule, as we understand it, is that the possession of a note regularly transferred to the plaintiff, as the declaration avers the note in question was, is prima facie evidence of the ownership of it by the plaintiff, and that it is the holder for a valuable consideration. Nor is the plaintiff required to give any other evidence of such facts until the defendant has shown that the note was never delivered by the maker, or that it was obtained from him by some undue means, as by fraud, theft, duress, or the like. When proof to this effect has been offered, and not till then, it becomes incumbent on the plaintiff to show himself to be a bona fide holder for a valuable consideration."
>
> Third National Bank vs. Angell, 18 R. I., 1, 4.
>
> "Our law is settled that, in an action on a promissory note, plaintiff makes out a prima facie case by production of the note * * *. Plaintiff's presence on the witness stand was not required to complete such prima facie case."
>
> Simomian vs. Kazanjian, 143 Atl. (R. I.) 611.

The matters sought in the motion are properly matters of evidence and would force plaintiff to disclose his whole case.

> "The motion was not in any just or proper sense a motion for a bill of particulars, but was rather an attempt (we do not use the word 'attempt' in any invidious sense) to compel the Commonwealth to disclose, in part at least, the evidence on which it relied. There is no rule of law which requires the Commonwealth to do that, or which gives a defendant the right to ask it."
>
> Commonwealth vs. Jordan, 207 Mass. 259, 265.

Motions for bills of particulars denied.

For plaintiff: A. S. & A. P. Johnson, & Jonas Sallet.

For defendant: James H. Rickard, Everett Walling.